UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE T. HASKINS, INC., d/b/a HASKINS
OLDSMOBILE, a Massachusetts Corporation

    Plaintiff,

vs.                                              CASE NO. 05 10524 RCL

GENERAL MOTORS CORPORATION,
a Delaware Corporation

    Defendant.
_____/

### DEFENDANT GENERAL MOTORS' MOTION TO DISMISS

Plaintiff Leslie T. Haskins, Inc., d/b/a Haskins Oldsmobile ("Haskins") has filed a four-count Complaint against defendant General Motors Corporation ("GM") alleging that GM has breached Haskins' Dealer Sales and Service Agreement by announcing a planned phase-out of the Oldsmobile line-make over several years. The predicate facts alleged by Haskins, however, fail to state a claim as a matter of law. Accordingly, GM respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

As demonstrated more fully in the accompanying Memorandum in Support of Defendant General Motors' Motion to Dismiss the Petition, GM states as follows:

*First*, Haskins' dealer termination claims under the Massachusetts "Dealer's Bill of Rights" (Count I) fail because the Massachusetts statute expressly permits the precise conduct alleged here: the nonrenewal of plaintiff's Oldsmobile dealer agreement resulting from GM's discontinuation of the Oldsmobile line-make. *See* M.G.L.A. c. 93B, § 12.

***Second***, Haskins' claim for breach of the Oldsmobile Dealer Agreement (Count II) likewise fails because Haskins can point to no provision of the Dealer Agreement that has been breached by the announcement of the eventual phase-out of the Oldsmobile line-make. Haskins' claim for "repudiation" (*i.e.* anticipatory breach) of the Dealer Agreement (Count II) also fails. No such claim is recognized under Massachusetts law. As to Michigan law – which the parties' intended to govern any disputes – a plaintiff must first renounce a contract before bringing suit for anticipatory breach on that contract. Haskins has not renounced the Dealer Agreement and continues enjoying benefits under it to this day.

***Third***, Haskins' claim for breach of the implied covenant of good faith and fair dealing (Count III) also fails because no such claim is recognized in Michigan and, in any event, because the implied covenant cannot be used to insert new terms into a written contract, as Haskins attempts to do here.

***Finally***, Haskins cannot state a claim for unjust enrichment (Count IV) because no cause of action for unjust enrichment exists when a written contract governs the parties' relationship, as the Dealer Agreement does here.

WHEREFORE, defendant General Motors Corporation respectfully requests that the Court dismiss the Complaint with prejudice, for the reasons developed more fully in the accompanying Memorandum in Support of Defendant General Motors' Motion to Dismiss.

### REQUEST FOR ORAL ARGUMENT

Pursuant to District of Massachusetts Local Rule 7.1(d), defendant General Motors Corporation states that it believes that oral argument will assist the Court in deciding this Motion and wishes to be heard.

Dated: April 18, 2005                                   Respectfully submitted,


                                                        __/s/_____

                                                        CAMPBELL CAMPBELL EDWARDS &
                                                        CONROY, P.C.

                                                        Richard P. Campbell
                                                        One Constitution Center
                                                        Third Floor
                                                        Boston, Massachusetts 02129
                                                        Telephone: (617) 241-3000
                                                        Facsimile: (617) 241-5115

                                                        KIRKLAND & ELLIS, LLP

                                                        Mark S. Lillie
                                                        Leonid Feller
                                                        Michael A. Duffy
                                                        Joseph Russell
                                                        200 East Randolph Drive
                                                        Chicago, IL 60601
                                                        Telephone: (312) 861-2000
                                                        Facsimile: (312) 861-2200

                                                        ATTORNEYS FOR DEFENDANT
                                                        GENERAL MOTORS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2005, I caused a true and correct copy of **DEFENDANT GENERAL MOTORS' MOTION TO DISMISS** to be served upon the following counsel of record via U.S. mail:

>Robert F. McDonald, Jr.
>Glenn Israel
>BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
>100 Middle St., West Tower
>Portland, ME  04104
>
>W. Douglas Moody
>Richard N. Sox, Jr.
>MYERS & FULLER, P.A.
>2822 Remington Green Cir.
>Tallahassee, FL  32308

>/s/
>Richard P. Campbell